| | |
|---|---|
| **DISTRICT COURT  WELD COUNTY, COLORADO**<br>Court Address:    901 9th Avenue, Greeley, CO  80631<br>Mailing Address: P.O. Box 2038  Greeley, CO  80632<br>Phone Number :  (970) 351-7300 | EFILED Document – District Court<br>2012CV681<br>CO Weld County District Court 19th JD<br>Filing Date: Sep 06 2012 02:33PM MDT<br>Filing ID: 46301082 |
| Plaintiff(s):  DELPHINIA TRUE | **▲ COURT USE ONLY ▲** |
| vs.<br><br>Defendant(s):  NASH-FINCH COMPANY | Case Number:   12 CV681<br><br>Division: **4** |
| **INITIAL CASE MANAGEMENT ORDER (Revised 1-12-12)** | |

**THIS ORDER CONTAINS INFORMATION AND DEADLINES FOR CIVIL CASES TO WHICH C.R.C.P. 16.1 SIMPLIFIED PROCEDURE APPLIES (*SEE* SECTION IV), AND CASES TO WHICH C.R.C.P. 16 APPLIES (*SEE* SECTION V & VI).**

I.    **PROCEDURES APPLICABLE TO ALL CIVIL PROCEEDINGS IN THE NINETEENTH JUDICIAL DISTRICT:**

   A.    ELECTRONIC FILING: All counsel shall electronically file and serve, in accordance with C.R.C.P. 121 §1-26, all pleadings, motions, briefs, exhibits, and other documents using LexisNexis File & Serve.  When filing electronically, the filing party shall retain a copy of the original document for production to the Court if necessary.  A proposed order shall be filed electronically in Word or Word Perfect format.  For more information on electronic filing, contact LexisNexis File & Serve at (888) 529-7587 or visit www.lexisnexis.com/fileandserve.

   B.    PROPOSED ORDERS: **All motions shall be accompanied by an appropriate proposed order.**  E-filed orders shall not be scanned; instead, upload the original document in Word or WordPerfect to LexisNexis File & Serve.  **Failure to provide a proposed order in this format may result in a longer period of time for entry of an order on your motion.**

II.   **DEADLINES APPLICABLE TO ALL CIVIL CASES FILED PURSUANT TO EITHER C.R.CP. 16 OR C.R.C.P. 16.1 SIMPLIFIED PROCEDURE:**

   A.    SERVICE OF PROCESS: Returns of Service for all defendants shall be filed within sixty-three (63) days of the filing of the Complaint.

   B.    DEFAULT JUDGMENT: Application for default judgment shall be filed within twenty-one (21) days after default has occurred and should comply with C.R.C.P. 55 and 121 §1-14.

   C.    CERTIFICATE OF COMPLIANCE: No later than 49 days after the case is at issue, the responsible attorney shall file a Certificate of Compliance stating that the parties have complied with all the requirements or, if they have not complied with each requirement, shall identify the requirements which have not been fulfilled and set forth any reasons for the failure to comply.  C.R.C.P. 16(b)(7) or C.R.C.P. 16.1(b)(h).



The Court will consider extending these deadlines only upon the **timely** filing of a motion showing good cause.

If an attorney or self-represented party fails to comply with Part II of this Order, the Court may dismiss the case without prejudice. This Order shall serve as the initial notice required by C.R.C.P. 41(b)(2) and C.R.C.P. 121 § 1-10.

## III.   DISCOVERY DISPUTES

The parties are encouraged to agree on an individual who will act as a mediator in the event of a discovery dispute. The mediator's job is to help (1) avoid and (2) resolve discovery problems, providing a speedy, efficient, and economical result. If a problem arises and agreement is not possible, the mediator will resolve it by ruling on the issue. If the parties so agree, they shall move the Court to appoint the agreed-upon person as a "special master" pursuant to C.R.C.P. 53 and C.R.S. §§ 13-22-302(8) and 13-22-313(1). The court may also appoint a master on its own volition pursuant to C.R.C.P. 53.

## IV.   CASE MANAGEMENT ORDER FOR CASES TO WHICH SIMPLIFIED PROCEDURE OF C.R.C.P. 16.1 APPLIES:

C.R.C.P. 16.1, effective for cases filed on or after July 1, 2004, will apply unless a party timely and properly elects to exclude the case from its provisions. Please refer to C.R.C.P. 16.1(d) for the deadlines and procedures if a party wishes to be excluded from the simplified procedures of C.R.C.P. 16.1. This Rule does not apply to those cases listed at C.R.C.P. 16.1(b). However, the parties may stipulate that the simplified procedures of C.R.C.P. 16.1 apply to a case in which a party is seeking a monetary judgment of more than $100,000, provided the parties comply with the provisions of C.R.C.P. 16.1(e) for inclusion under this Rule.

This Court has adopted and will follow the presumptive deadlines set forth in C.R.C.P. 16.1. **Please see Section V.A below, regarding the deadline for contacting the division clerk to schedule a trial in this district and the contact information for each district court civil division.**

The Court encourages the parties to refer to C.R.C.P. 16.1, <u>especially the sections regarding disclosures and discovery</u>, as C.R.C.P. 16.1 procedures and deadlines differ substantially from C.R.C.P. 16.

> **Please Note: If you elect to be excluded from application of the simplified procedure pursuant to C.R.C.P. 16.1(d), or if Rule 16.1 does not apply to your case, then the presumptive case management order of C.R.C.P. 16 will apply, <u>with this Court's modifications</u> as outlined in Section V & VI below.**

## V.   CASE MANAGEMENT ORDER FOR CASES TO WHICH C.R.C.P. 16 APPLIES:

Pursuant to C.R.C.P. 16(b), as amended February 13, 2002 (effective July 1, 2002), a presumptive Case Management Order controls the course of these proceedings. Therefore, the presumptive deadlines set forth in C.R.C.P. 16(b)(4) through 16(b)(10) apply.

A.   <u>TRIAL SETTING</u>: A Notice to Set Trial by Telephone shall be filed. Trial shall be set **no later than forty-two (42) days** after the date the case is at issue. Settings are conducted by telephone and are non-appearance settings. To reach the Division in which your case has been assigned, please call during division setting times between the hours of 8:30 a.m. and 10:00 a.m. on Tuesdays and Thursdays at (970) 351-7300 followed by the division extension:

(Revised 01/4/12)

Division 1 at extension 5410
Division 3 at extension 5430
Division 4 at extension 5440
Division 5 at extension 5451

## VI.   PRETRIAL MOTION DEADLINES:

A.      *SHRECK* MOTIONS:   To the extent a party wishes to challenge an opposing expert witness under C.R.E. 702 and *People v. Shreck*, 22 P.3d 68 (Colo. 2001), motions setting forth the basis for the challenge shall be filed no later than seventy (70) days prior to trial.  Any response shall be filed no later than fourteen (14) calendar days after the motion was filed with the court, and any reply shall be filed no later than seven (7) calendar days after a timely response is filed.  If a hearing is necessary, it shall be set by the party raising the challenge and held no later than thirty-five (35) days prior to trial, unless otherwise ordered by the court.

B.      MOTIONS IN LIMINE:   All motions in limine must be filed no later than twenty-eight (28) calendar days prior to trial. A party wishing to file a response to the motion in limine must do so within seven (7) calendar days of the date the motion in limine was filed with the court. A reply may be filed within seven (7) calendar days of the date the response was filed with the court.

If a request for a modified case management order is filed pursuant to C.R.C.P. 16(c), the deadlines set forth in the proposed modified order shall include those set forth above.

## VII.   ALTERNATE DISPUTE RESOLUTION

Cases in which trial length is two (2) days or more, the parties shall engage in alternate dispute resolution ("ADR").  While the Court prefers mediation, the parties may agree to any form of ADR defined in C.R.S. §§ 13-22-301 to -313.  Plaintiff's counsel or responsible attorney (if Plaintiff is self-represented) must file a certificate of completion of ADR at least seventy-seven (77) days before trial. The court may schedule a status conference after receipt of the certificate of completion of ADR.

## VIII.   PLEADINGS

A.      Please refer to C.R.C.P. 7(b), C.R.C.P. 10,  and C.R.C.P. 121, Section 1-15 (1) concerning the form of motions and concerning the determination of motions and the filing of briefs involving a contested issue of law.

1.      The name of the document should include the name of the pleading (C.R.C.P. 7(a)), or type of motion and party filing it, *e.g.*, X's response to Y's motion for summary judgment.  The name of the document on proposed orders should include the subject of the order, *e.g.*, order re motion to dismiss.

2.      Motions, responses, or replies, and briefs in support thereof, shall address only a single procedural request.  For example, a motion shall not also include a response or reply to a different motion; a response shall not also include a motion for, or reply to a response for, other relief; a reply shall not also include a motion for, or response to a motion for, other relief.

3.      Motions or briefs in excess of 10 pages in length, exclusive of tables, appendices, the caption and the signature page, shall not be filed without first requesting and receiving permission from the court. If a motion or brief exceeds 10 pages in length and the party failed to first obtain permission of the court, only the first 10 pages will be considered by the court, and only the first 10 pages need be responded to by opposing parties.

(Revised 01/4/12)

IX.     **NOTICE TO PARTIES WHO ARE NOT REPRESENTED BY A LAWYER:** It is your responsibility to comply with all deadlines and requirements of this Case Management Order, the Colorado Rules of Civil Procedure, Colorado Rules of Evidence, and other orders issued by the court. You will be expected to be prepared for all hearings scheduled for this case. Please be advised that court personnel cannot provide legal advice to you.

X.      **NOTICE TO OTHER PARTIES:** Plaintiff shall mail a copy of this Initial Case Management Order to all other parties who enter an appearance.

XI.     **COURT INTERPRETER:**

Pursuant to Chief Justice Directive 06-03, as modified on June 28, 2011, the court will provide an interpreter during court proceedings for a party to a case; a victim; a witness; the parent, legal guardian, or custodian of a minor party; and the legal guardian or custodian of an adult party if such person has limited English proficiency. A court proceeding for which an interpreter will be provided includes any hearing, trial or other appearance before the court.

If an interpreter is required for this case, the attorney or party, if unrepresented, shall notify the court in writing at least thirty (30) days prior to the court proceeding for which an interpreter is required and the specific language being requested (e.g. Spanish, Russian, etc.). Once a party has requested the services of an interpreter, it is that party's responsibility to notify the court if those services are not needed (case is continued or settlement is reached). Notification must be provided to the court at least seventy-two (72) hours prior to the date of the scheduled court proceeding.

Dated:  September 6, 2012


James F. Hartmann
Chief Judge

Daniel S. Maus
District Court Judge

Elizabeth Strobel
District Court Judge

Dinsmore Tuttle
District Court Judge

*This document was filed pursuant to C.R.C.P. 121, § 1-26. A printable version of the electronically signed document is available in the Court's electronic file.*

I certify that the foregoing Initial Case Management Order was dispatched electronically to Plaintiff via LexisNexis.

Dated:  September 6, 2012

Gale Karas
Court Judicial Assistant

*This document was filed pursuant to C.R.C.P. 121, § 1-26. A printable version of the electronically signed document is available in the Court's electronic file.*

(Revised 01/4/12)